UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MICHAEL CARRICO, )
)
      Petitioner, )
)
    v. ) No. 2:19-cv-00078-JMS-MJD
)
DUSHAN ZATECKY, )
)
      Respondent. )

**Order Denying Petition for Habeas Corpus
and Directing Issuance of Final Judgment**

Indiana prison inmate Michael Carrico petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number ISR 18-06-0030. Mr. Carrico's motion for leave to file a belated reply, dkt. [9], is **granted**. For the reasons explained in this Order, Mr. Carrico's habeas petition is **DENIED**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## B. The Disciplinary Proceeding

On June 4, 2018, Indiana Department of Correction ("IDOC") Correctional Officer Sgt. B. Martz wrote a Report of Conduct charging Mr. Carrico with rioting, a violation of Indiana Adult Disciplinary Code 103. Dkt. 7-1. The Report of Conduct states:

> On the above date and approx. time Ofd. Carrico Michael #106495 was given the order to leave the G.C.H. rec pad[.] Ofd Carrico refused this order and encouraged 13 other Ofds. to protest the operations of G.C.H. by refusing to leave the G.C.H. rec pad

*Id.* Mr. Carrico was notified of the charge on June 7, 2018, when he received a copy of the screening report. Dkt. 7-2. He pled not guilty. *Id.*

Mr. Carrico asked to call Officer Flockhart, Lt. Simone, and Counselor D. Arnold as witnesses. *Id.*; Dkt. 7-3. The witnesses provided written statements in lieu of live testimony. Dkts. 7-4, 7-5, and 7-6. Officer Flockhart stated that Mr. Carrico had asked to speak to a lieutenant or captain at the beginning of rec and that he advised the sergeant of Mr. Carrico's request. Dkt. 7-4. Counselor Arnold stated that Mr. Carrico "wanted to speak to someone other than Lt. Simone to address certain issues [t]hat they felt had not been corrected in (illegible) and they would not come of[f] the rec pad till then." Dkt. 7-5. Lt. Simone stated that Mr. Carrico had "refused to cuff up and leave the rec pad after his allotted recreation was over until he could speak with a lieutenant, other than myself, or a captain." Dkt. 7-6.

A hearing was held on June 11, 2018. Dkt. 7-7. Mr. Carrico told the hearing officer:

> It clearly wasn't me. Martz came to me and said the report wasn't written until after 24 hrs from when it happened. Martz also said Major Conyers said they had to write this. Why do I feel like I'm getting the shaft? Flockhart said it (illegible). Martz said its his (illegible) and he had to follow orders.

Dkt. 7-7. The hearing officer considered Mr. Carrico's statement, the Report of Conduct, and evidence of witnesses and found him guilty. *Id.* Mr. Carrico received a 365-day deprivation of earned credit time and a demotion in credit class." *Id.*

Mr. Carrico appealed to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 7-8, 7-9. He argued that the evidence was insufficient to prove he was guilty of rioting, other prisoners who remained on the recreation pad longer than he did were punished less severely, and the Report of Conduct was not completed within 24 hours of the incident and was backdated, in violation of IDOC policy. *Id.* These appeals were denied. Dkts. 7-8 and 7-10. Mr. Carrico then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

Mr. Carrico's petition lists five grounds for relief, which the Court restates as (1) the evidence was insufficient to support his violation; (2) he was punished more severely than other prisoners who engaged in the same conduct[1]; (3) the Report of Conduct was not completed within 24 hours of the incident and was backdated, in violation of IDOC policy; (4) the hearing officer failed to act as an impartial decisionmaker; and (5) the hearing officer failed to provide a detailed report. Dkt. 1, pp. 3-7.

**1. Sufficiency of the Evidence**

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is

---

[1] The Warden argues that Mr. Carrico failed to discuss these first two claims in his appeal to the Final Reviewing Authority, but the Court has determined that it is more efficient to review these claims on the merits. *See Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018).

any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

A prisoner commits rioting by "[e]ncouraging, directing, commanding, coercing, or signaling one (1) or more other persons to participate in a disturbance to facility order caused by a group of two (2) or more offenders." Dkt. 7-11. The hearing officer relied on a Report of Conduct and reports by staff witnesses that established Mr. Carrico refused to leave the recreation pad after recreation time had ended and encouraged 13 other prisoners to do the same. Dkts. 7-1, 7-4, 7-5, 7-6, and 7-7. The group's organized defiance of prison regulations amounted to a disturbance to facility order. There is sufficient evidence to support the hearing officer's conclusion that Mr. Carrico was guilty of rioting, and his request for relief on this ground is **denied**.

### 2. Equal Protection

Mr. Carrico argues he was "singled out" by prison officials because he was punished more severely than other prisoners who engaged in the same conduct. However, he does not contend that he was singled out because of his status as a member of a protected class. *See Hall-Bey v. McBride*, 27 F. App'x 680, 681 (7th Cir. 2001) ("Absent an improper criterion like race . . . punishing two similarly situated inmates differently does not violate the Constitution."). Furthermore, the evidence indicates that Mr. Carrico orchestrated the riot and encouraged other prisoners to follow his lead. Dkt. 7-1. The hearing officer could have reasonably concluded that Mr. Carrico's leadership role in the riot warranted a more severe punishment. His request for relief on this ground is **denied**.

### 3. Violation of IDOC Policy

A violation of IDOC policy during a disciplinary proceeding is not a basis for habeas relief unless it overlaps with one of the due process rights outlined in *Wolff* and *Hill*. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to prison disciplinary proceeding because the petitioner challenged alleged departures from procedures outlined in the prison handbook that had no bearing on his right to due process). Although IDOC requires correctional officers to write conduct reports within 24 hours of an alleged incident, this policy is unrelated to the due process rights set forth in *Wolff* and *Hill*. Moreover, any claim that the Report of Conduct was backdated does not violate due process under these circumstances. Mr. Carrico's request for relief on this ground is **denied**.

### 4. Other Claims for Relief were not Exhausted.

A district court may not grant a prisoner's petition for habeas corpus "unless it appears that" the petitioner "has exhausted the remedies available in" the state's courts. 28 U.S.C. § 2254(b)(1)(A). In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent petition for habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Martin v. Zatecky*, 749 F. App'x 463, 464 (7th Cir. 2019) (citing *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004)). Procedural default caused by a failure to exhaust administrative review can be overcome if the petitioner shows cause and prejudice or shows that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002).

In his administrative appeals, Mr. Carrico did not raise any issues related to the hearing officer's impartiality or written report. *See* Dkts. 7-8 and 7-9. Mr. Carrico ascribes this failure to

over-confidence. He did not raise these issues below because he was certain of success on the grounds he did raise.[2] Dkt. 1, pp. 6-7. This is not an adequate reason for failing to exhaust the administrative review process, and Mr. Carrico's request for relief on these grounds is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Carrico to the relief he seeks. Accordingly, Mr. Carrico's petition for a writ of habeas corpus must be denied and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 1/8/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL CARRICO
106495
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov

---

[2] Although Mr. Carrico admits that he did not raise an argument related to the hearing officer's report, he does claim that he raised an argument related to the hearing officer's impartiality. However, neither his grievance to the Facility Head nor his letter to the Final Reviewing Authority includes an argument related to either ground. *See* dkts. 7-8 and 7-9.